## Case No. 16,131.

UNITED STATES v. RECTIFYING ESTABLISHMENT.

[11 Int. Rev. Rec. 46.]

District Court, N. D. Mississippi. 1870.

INTERNAL REVENUE—SPECIAL TAX—INFORMATION OF FORFEITURE.

1. In omission to pay taxes imposed by the revenue laws, intention to so omit or to defraud the United States, forms no part of the offence. The offence is constituted if it be averred and proved: 1st, that the business was carried on, and 2d, that the special tax was not paid.

2. To constitute a violation of section 44, Act July 20, 1868 [15 Stat. 143], it need only be proved that the business was carried on without payment of the special tax therein imposed. To a count alleging these facts, it is not a sufficient demurrer that it is not averred that said special tax was assessed, or that payment was demanded and refused, or neglected to be paid.

[This was an information of forfeiture against a rectifying establishment, and the fixtures, apparatus, and liquors found therein, which are claimed by S. Sloss & Co. On demurrer to the information.]

E. Hill, U. S. Atty.

Messrs. Inge, Beene, Reynolds, Boon, and others, for claimants.

HILL, District Judge. The questions now presented arise upon the demurrer of claimants to the information filed by the district attorney, on behalf of the United States.

The first and second counts, consisting entirely of recitations of the different provisions of the act approved July 20, 1868, imposing a tax on distilled spirits, tobacco, and for other purposes, need not be noticed.

The third count charges that said claimants were carrying on the business of rectifying spirituous liquors in their establishment seized, under the firm name and style of S. Sloss & Co., and were in November, 1868, furnished with the books required by the act of July, 1868, and that they knowingly and wilfully neglected and omitted to make the entries therein, as required by said act in section 45 thereof, and that thereby the property seized became forfeited to the United States. The causes of demurrer stated to this count are: 1. That no forfeiture is imposed by this section of said act. 2. That there is no time stated when the liquors were received, or sent out, for which the entries were omitted to be made. 3. That it is not stated from whom the liquors were received or to whom sent. It is admitted by the district attorney that section 45 does not make the forfeiture of the property a part of the penalty, but it is claimed that the omission stated does work a forfeiture under the 96th section of the act; but by reference to the provisions of that section, I am satisfied such is not the case. That section by its terms was intended only to embrace such portions of the act as required something to be done or forbid the doing of something, when the act done or omitted to be done was knowingly and wilfully done or omitted, and for the doing or omitting to do which no specific penalty was imposed by any other provision of the act. For the neglecting or omitting to make the entries required by section 45, the penalty is fixed by the section itself to be a fine of not less than one hundred dollars nor more than five thousand dollars, and imprisonment for not less than three months nor more than three years. Such being the case, the 96th section has no application to this offence, and this cause of demurrer is well taken; but the second and third causes are not well taken. It is not necessary to aver the time the liquors were received or sent out, or from whom received, or to whom sent; if the claimants made the proper entries, as they should have done, they have the proof to meet any charges of omission that may be attempted to be established by the proof; but for the first cause the demurrer to this count must be sustained.

The fourth count need not be noticed, it being only a recitation of the provisions of the 44th section of the act, the violation of which is averred in the fifth count.

The fifth count avers that said rectifying establishment was run and carried on by said S. Sloss & Co., from the 1st day of May, 1869, until the 1st day of July, 1869, without having paid the special tax imposed by the act approved July 20, 1868. The causes of demurrer to this count are: 1. That said count does not aver an intent to defraud the United States out of said tax. 2. That it is

not averred what particular tax was neglected to be paid. 3. That said count is too vague, general, and uncertain to require an answer. 4. That it is not averred that said special tax was assessed, or that payment was demanded and refused, or neglected to be paid. By reference to section 44, I am satisfied that three distinct offences are created. The second and third refer only to distillers, and need not be noticed here; the first is that any person who shall carry on the business of a distiller, rectifier, compounder of liquors, wholesale liquor dealer, retail liquor dealer, or manufacturer of stills, without having paid the special taxes required by law, shall for every such offence be fined not less than one thousand dollars nor more than five thousand dollars, and imprisoned not less than six months nor more than two years; and further, that all distilled spirits or wines, and all stills or other apparatus, fit or intended to be used for the distillation or rectification of spirits or for the compounding of liquors owned by such person, wherever found, and all distilled spirits or wines and personal property found in the distillery or rectifying establishment, or in the store or other place of business of the compounder, or in any room, building, yard, or enclosure connected therewith, and used with or constituting a part of the premises, and all the right, title, or interest of such person in the lot or tract of land in which said distillery is situated, etc., shall be forfeited to the United States. The forfeiture of the real estate is confined to distillers, but not so as to the spirits and apparatus for distillation, rectification or compounding of liquors found on the premises owned by the person carrying on either of the kinds of business enumerated. It has been earnestly urged by claimants' counsel, there is no violation of this section, unless there was an intention to defraud the United States out of the tax or some part of it; but this position is untenable. Some offences are by omission, others by commission; ordinarily the former is without intention, and most usually the latter is by intention. When intention constitutes the whole or in part the offence, it must be alleged and proved; but to constitute the offence charged in this count but two things are necessary to be averred and proved: First, the carrying on the business; and secondly, that the special tax was not paid as required by law. The second cause presents no greater difficulty; the special tax imposed by the act referred to is found in the 59th section, which is, for every 200 barrels or less, the sum of $100.50 on each barrel in excess of 200 barrels. To the third cause it may be said that there is no uncertainty or vagueness of which claimants can complain. The fourth cause presents a question of more difficulty. Although the ruling of one of my brother judges at first view would indicate that to create a violation of this section an assessment and neglect to pay the tax on de-

mand are necessary, yet when that opinion is closely examined its principle will not apply to this case. That was in the case of a distiller who had given his bond, which had been accepted and approved, and secured the payment of the tax; and with all due respect for the learning and ability of the judge who decided the case, I must say his reasoning, even in the case stated, is far from convincing to my mind. It was with him, as he states, a question of first impression; he admits that the giving of the bond was a prerequisite to commencing business. I can see no distinction between giving of the bond and the payment of the special tax. Every man engaged in the business for which this tax is imposed is presumed to know the law, and that whether he rectifies much or little he must pay a special tax of one hundred dollars, and how much more depends upon quantity rectified, of which he is required to make his monthly reports, so that he himself knows at the end of each month what is due if anything. His books, if the proper entries are made, show exactly what is due; and if he commences without the payment of the one hundred dollars, or continues after the additional tax has become due, and without its payment, he renders himself liable to the penalties imposed. In considering these questions presented in this and similar cases, I have not turned a deaf ear to the earnest and zealous appeals made by the numerous and able counsel to the clemency of the court, to give the most liberal construction in favor of the manufacturers and dealers in spirituous liquors, and for the reason that a strict construction would not only ruin claimants and those engaged in the business, but would retard this kind of manufacture in the state. I regret exceedingly to witness the ruin of individuals, but all good men must regret still more to see the laws violated with impunity, and the tax-payers of the state and nation required to pay additional taxes for the purpose of making up for those who derive all the profits that others do, and neglect to pay their part to defray the expenses of the government which gives them the same protection. Without intending to be severe, I must say that the man engaged in making or handling an article, the use of which only tends to destroy the constitution and lives of his fellow men, would receive but little sympathy on the ground that if required to desist, it would be his financial ruin; and with all due respect for the many honorable men engaged in the manufacture and sale of spirituous liquors, it is apparent that the use of a very large proportion of the liquors made and used in this country not only ruins the consumer, but destroys the peace, happiness, and prosperity of all with whom he is connected. But little can be truthfully urged in behalf of the manufacture of the article in this state, at least when the grain that goes to make the liquor can be so much better applied to feed the hungry. Those who

see proper for the sake of the money, and no other object can be perceived, to engage in these pursuits, take upon themselves all the risks of a violation of the law; and if no penalties are imposed except those plainly provided in the law, they ought not to complain at its enforcement. The demurrer to the count is not well taken, and is therefore overruled.

The sixth count in substance, states that said claimants under the firm name of S. Sloss & Co., carried on said business as compounders of liquors, and also as wholesale dealers in liquors, without having paid the special tax therefor. The ground of demurrer stated is, that it charges two distinct offences, and that the pleading is therefore double. The averment that they carried on the business as compounders of liquors is simply surplusage. The act approved April 10, 1869 [16 Stat. 41], provides that all compounders of liquors shall be taken and held as rectifiers. The time charged in which the violation is alleged to have been committed was subsequent to the approval of the act; consequently that offence could not then have been committed, but that averment is regarded as surplusage. The count is good, as charging the parties with having carried on the business as wholesale dealers in liquors, without having paid the special tax therefor. The result, therefore, is that the demurrer to this count is not well taken and must be overruled.

The district attorney, if he desires it, may amend the sixth count by striking out so much of it as applies to the compounding of liquors. As before stated, the first, second, and fourth counts charge no offence, and require no answer, and may be regarded as surplusage, and can only become important as a question of costs, in the event that judgment should be rendered against the claimants for costs.